UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

--------------------------------------------------------X
SKYWORD INC.,       )
   Plaintiff,      )   Civil Action No.
           )
v.           )
           )   COMPLAINT AND DEMAND
DAILY INCHES, INC.,     )   FOR JURY TRIAL
   Defendant.     )
           )
--------------------------------------------------------X

   The plaintiff, Skyword Inc. ("Skyword"), for its complaint against the defendant,

Daily Inches, Inc. ("defendant"), states that:

<u>NATURE OF THE ACTION</u>

   1.  In this action the plaintiff, Skyword Inc., seeks to recover damages and to

obtain a preliminary and a permanent injunction against the defendant for trademark

infringement under common law; trademark infringement and false designation of origin

under the Lanham Act, 15 U.S.C. § 1125; dilution under Mass. Gen. Laws ch. 110B, §12;

unfair competition; and unfair and deceptive acts or practices under M.G.L. ch. 93A, §1,

*et seq*.

<u>JURISDICTION AND VENUE</u>

   2.  This Court has jurisdiction of the subject matter of this action under 28

U.S.C. §§ 1331, 1367(a), and 1338, the Lanham Act, Title 15 of the United States Code,

and principles of supplemental and ancillary jurisdiction.

   3.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and

1391(c).

## THE PARTIES

4.      The plaintiff, Skyword Inc. ("Skyword"), is a Delaware corporation with a place of business at 25 Thomson Place, Boston, Massachusetts  02210.  The corporation was organized on September 20, 2004 as Sufficiently Advanced Technology Corporation, renamed Gather Inc. on December 16, 2010, and renamed Skyword Inc. on December 16, 2010.

5.      The defendant Daily Inches, Inc., is a Delaware corporation with a place of business at 1800 Broadway, Suite 180 Boulder, Colorado  80302.  Daily Inches, Inc. does business as Kapost ("Kapost" or "defendant").

## FACTUAL BACKGROUND

### The Plaintiff's Rights

6.      The plaintiff Skyword is in the business of providing and delivering a platform, including software, as a service to manage content creators and content creation based on consumer demand for information.  The content can be in forms that include text, images, and videos.

7.      Skyword uses its website accessible at skyword.com to provide online community services.

8.      On September 4, 2014, Skyword launched on its website at skyword.com content that includes MOVING STORIES. FORWARD. as a mark in connection with the promotion and provision of its services.  These services include delivering a platform, including software, as a service to manage content creators and content creation based on consumer demand for information, with the content in forms that include text, images, and videos.

9.     Attached hereto and made a part hereof as Exhibit A is a true and accurate copy of a page on Skyword's website that includes the following:

10.     Since September 4, 2014, Skyword has used the mark MOVING STORIES. FORWARD. continuously in interstate commerce in connection with its services.

11.     Skyword widely promoted its MOVING STORIES. FORWARD. mark during the Content Marketing World content trade show held in Cleveland, Ohio from September 8 to September 11, 2014.

12.     Skyword and Kapost were both prominent exhibitors at the trade show, with displays near each other offering competing services and targeting the same groups of customers.

13.     Through Skyword's use of MOVING STORIES. FORWARD., Skyword has acquired exclusive rights in the mark for use in connection with its products and services.

<u>The Defendant's Actions</u>

14.     The defendant Kapost engages in a business that competes with Skyword. Kapost delivers software as a service featuring software for content marketing, software for calendaring, individual and team workflow management, content integration, and analytics.

15.     In late November 2014, it came to Skyword's attention that Kapost began using the tagline "Move Your Marketing Forward" on its website.

16.     Attached hereto and made a part hereof as Exhibit B is a true and accurate copy of the initial page on Kapost's website as it now appears, which includes the following:

17.     In late November, the initial page of Kapost's website was revised to insert the mark Move Your Marketing Forward in place of "Get On The Path To Content Success" that appeared on that page at least on August 26, 2014, according to the WayBack Machine.  A true and accurate copy of the page as it appeared on August 26, 2014, as captured by the WayBack Machine, is attached hereto and made a part hereof as Exhibit C.

18.     The defendant's use of Move Your Marketing Forward as a mark for its services infringes the rights of Skyword and is likely to cause confusion, to cause mistake, or to deceive as to the origin, sponsorship, affiliation with or approval by the Skyword of the services of the defendant.

19.     By email dated December 3, 2014, Tom Gerace, CEO of Skyword, gave notice to Kapost of Skyword's rights and his concern that Kapost's use of the phrase would cause confusion, misdirection, and dilution in the marketplace, and that it could lead customers to the mistaken conclusion that there is some connection or relationship between Skyword and Kapost.

20.     Hearing nothing from Kapost, Mr. Gerace sent an additional email on December 10, 2014, and had counsel send a letter by Federal Express on December 12, 2014.

21.     There has been no response.

## COUNT I

### (Infringement of Common Law Trademarks)

22.     The plaintiff repeats and realleges paragraphs 1 through 21 of this complaint as if they were fully set forth.

23.     The defendant has infringed and is infringing Skyword's common law rights in MOVING STORIES. FORWARD. by defendant's use of Move Your Marketing Forward.

24.     The defendant's continued use of Move Your Marketing Forward in violation of Skyword's rights is willful.

25.     Skyword has been and is being damaged by the defendant's infringement of its common law rights.

## COUNT II

### (Trademark Infringement and False Designation of Origin Under the Lanham Act)

26.     Skyword repeats and realleges paragraphs 1 through 25 of this complaint as if they were fully set forth.

27.     The defendant's actions were and are in violation of 15 U.S.C. §1125(a) (Lanham Act § 43(a)), which imposes liability for the use in commerce of any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of a person with another person or as to the origin, sponsorship, or approval of its goods, services, or commercial activities by another person.

28.     The defendant's continued use of the mark Move Your Marketing Forward in violation of Skyword's rights is willful.

29.     Skyword has been and is being damaged as a result of the defendant's violation of 15 U.S.C. § 1125(a).

## COUNT III

### (Dilution under Mass. Gen. Laws ch. 110B, §12)

30.     Skyword repeats and realleges paragraphs 1 through 29 of this complaint as if they were fully set forth.

31.     The defendant's use of Move Your Marketing Forward in commerce is causing a likelihood of injury to the plaintiff's business reputation and of dilution of the distinct quality of its MOVING STORIES. FORWARD. trademark.

32.     By reason of the foregoing, Skyword is entitled to relief under Mass. Gen. Laws ch. 110B, §12.

## COUNT IV

### (Unfair Competition Massachusetts Common Law)

33.     Skyword repeats and realleges paragraphs 1 through 32 of this complaint as if they were fully set forth.

34.     The defendant's website page attached hereto as Exhibit B constitutes misleading advertising in promotion of the defendant's business because it is likely to confuse and deceive members of the purchasing public.  By virtue of the defendant's conduct, the defendant has engaged in unfair competition in violation of common law of the Commonwealth of Massachusetts.

35.     As a result of the defendant's conduct, the defendant has caused, and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage and injury to the public and to Skyword.

36.     Skyword has no adequate remedy at law.

COUNT V

(Massachusetts General Laws ch. 93A)

37.     Skyword repeats and realleges paragraphs 1 through 36 of this complaint as if they were fully set forth.

38.     The conduct of the defendant constitutes unfair methods of competition or unfair or deceptive acts and practices in the conduct of a trade or business in violation of Massachusetts General Laws ch. 93A, §2, and regulations promulgated thereunder.

39.     The conduct of the defendant was and is willful or knowing and in violation of Massachusetts General Laws ch. 93A, §2, and the regulations promulgated thereunder.

40.     As a direct and proximate result of the conduct of the defendant in violation of M.G.L. ch. 93A, §2, its unfair and deceptive acts and practices, and its willful or knowing violations of M.G.L. ch. 93A, §2, and the regulations promulgated thereunder, Skyword has been and is being severely damaged.

WHEREFORE, the plaintiff, Skyword Inc., demands judgment:

A.     Preliminarily and permanently enjoining the defendant, Daily Inches, Inc. d/b/a Kapost from using "Move Your Marketing Forward" or any term incorporating "Move Your Marketing Forward," or any confusingly similar term in any trade name,

service mark, trademark, domain name, metatag, or any other use to promote goods or services;

B.      Preliminarily and permanently enjoining the defendant from diluting the distinctive quality of the Skyword's MOVING STORIES. FORWARD. mark;

C.      Preliminarily and permanently enjoining the defendant from engaging in unfair methods of competition with the plaintiff;

D.      Determining and awarding the plaintiff its damages resulting from the defendant's infringement of its common law trademark rights, as alleged in Count I of the complaint, plus interest, costs, and attorneys' fees;

E.      Determining and awarding the plaintiff its damages resulting from the defendant's violation of 15 U.S.C. § 1125(a), as alleged in Count II of the complaint, plus interest, costs, and attorneys' fees;

F.      Determining and awarding the plaintiff its damages resulting from the defendant's unfair competition with the plaintiff, as alleged in Count IV of the complaint, plus interest, costs, and attorneys' fees;

G.      Entering judgment that the defendant has committed unfair and deceptive acts or practices declared unlawful under Massachusetts General Laws ch. 93A as alleged in Count V;

H.      Determining and awarding Skyword its damages resulting from the defendant's violation of Massachusetts General Laws ch. 93A, as alleged in Count V of the complaint, plus interest, costs, and attorneys' fees;

I.      Determining that the defendant violated Massachusetts General Laws ch. 93A, §2, as alleged in Count V, that the damages be trebled pursuant to Massachusetts

General Laws ch. 93A, §11, and that Skyword be awarded its attorneys' fees in connection with this action;

     J.     Preliminarily and permanently enjoining the defendant from engaging in unfair and deceptive acts in violation of Massachusetts General Laws ch. 93A as alleged in Count V;

     K.     Determining that defendant's actions in infringing Skyword's rights and in engaging in unfair competition were willful and increasing the award of damages to Skyword as a result of those willful actions; and

     L.     Granting such other and further relief as this Court may deem just and proper.

THE PLAINTIFF DEMANDS A TRIAL BY JURY.

SKYWORD INC.
By its attorneys,


/s/ Susan G. L. Glovsky____
Susan G. L. Glovsky BBO# 195880
susan.glovsky@hbsr.com
John L. DuPré  BBO# 549659
john.dupre@hbsr.com
Hamilton, Brook, Smith & Reynolds, P.C.
155 Seaport Blvd.
Boston, Massachusetts  02210
Telephone:  617-607-5900
Fax:  978-341-0136

Dated: December 23, 2014

1766399.v1